# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                     **CRIMINAL NO. 3:25-CR-66-CHB**
                                                       *Filed Electronically*

AHYENDAY THORNTON                                                            DEFENDANT

## SECOND MOTION FOR DETENTION

Pursuant to 18 U.S.C. § 3145(a)(1), the United States requests that the defendant be detained pending trial, and that this Motion be resolved promptly.

### I. Procedural History

Ahyenday Thornton was indicted on April 2, 2025. The indictment alleges that between April 29, 2021 and March 1, 2023, she engaged in a scheme to defraud a number of banks by submitting false information on loan applications, such as false social security numbers and false employment information, to obtain loans to purchase luxury automobiles. Her scheme allowed her to obtain a Mercedes Benz, a Cadillac Escalade, a Porsche Macan, and a BMW Series 5. In each instance, she either made zero loan payments or only one loan payment, resulting in hundreds of thousands of dollars of losses. To date, the stolen automobiles have not been recovered.

Thornton was arrested on April 7, her initial appearance was on April 8, and a detention hearing was held on April 9. Based on a long string of failures to appear, probation revocations, crimes committed while on probation, and lies Thornton told to the Probation Officer, the United States and the Probation Officer both recommended that Thornton be detained, but Magistrate

Judge Edwards released Thornton on home detention with electronic monitoring, and ordered Thornton to reside at her mother's home in Jeffersonville, Indiana. (DN 10).

On April 10, 2025, the United States filed its first Motion for Detention (DN 13). On April 18, 2025, this court issued an Order explaining that an evidentiary hearing was required because the United States had presented new evidence. (DN 18). This court gave the United States the choice to have that hearing before Judge Boom, but due to scheduling issues the hearing could not occur before May 1, 2025. Alternatively, the United States could file a motion to reopen the detention hearing before Magistrate Judge Edwards in the hope of having a hearing more quickly. That same day, April 18, 2025, the United States moved to reopen the detention hearing. (DN 19).

On April 21, 2025, Magistrate Judge Edwards scheduled an evidentiary hearing on April 30, 2025.[1] An evidentiary hearing was held on April 30, 2025, and despite new evidence that the court found material, Magistrate Judge Edwards ordered that Thornton remain on home detention, but labeled it "home incarceration" because the defendant will only be permitted to leave her mother's home to meet with her lawyer and to attend court hearings.[2]

The United States now moves again for Thornton's detention. The United States agrees with the Probation Officer that there "is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." (Pretrial Services Report). This court's review of the Magistrate Judge's detention determination is de novo. United States v. Baker, No. 6:21-CR-32-CHB, 2021 WL 2744512, at *4 (E.D. Ky. July 1, 2021).

---

[1] Thornton had multiple state court warrants, and after her federal release on April 9 she was transferred to state custody. She was released from state custody and began her federal home detention on April 21.
[2] When Thornton's counsel asked if she could attend church, Magistrate Judge Edwards stated that decision would be left to Thornton's probation officer.

## II. Thornton Presents an Unacceptable Risk of Non-Appearance and Flight, and has a Demonstrated Track Record of Refusing to Comply with the Terms of her Release

Thornton has a lengthy history of failing to appear for court, absconding, and refusing to comply with the terms of her release. In fact, Thornton has failed to appear in court at least ten times, which has resulted in at least 3 warrants being issued.[3] She also has numerous missed probation appointments, and numerous probation revocation petitions and requests, including a new Probation Revocation Request filed approximately three weeks ago, on April 7, 2025.[4] Amongst other things, her probation officer has stated that Thornton:

- "has a poor attitude and disregards probation. Today consistently on her phone as she was last month. Noncompliant with fees and restitution and proof of employment"[5], and

- "Defendant is currently in violation status . . . the defendant on several occasions stated that "probation is a waste of her time, probation is the lowest thing on her list right now.""[6], and

- "Probationer committed several new technical criminal acts that violated good behavior term of probation. The probationer missed several appointments and ***has absconded.*** (emphasis added). Probation failed to provide proof of employment on May 25, 2023, July 27, 2023, August 16, 2023, and September 18, 2023. Probationer has not attended any court-ordered program since her initial intake on September 19, 2019."[7]

---

[3] See DN 13, Exhibit A.
[4] See DN 13, Exhibit E.
[5] See DN 13, Exhibit C
[6] See DN 13, Exhibit D.
[7] See DN 13, Exhibit E.

The United States obtained jail calls Thornton made between April 7 and April 14, 2025. In two of those calls Thorton discussed plans to fool her Probation Officer so she could leave her mother's house. In an April 13, 2025 jail call, Thornton discussed a scheme to fake employment:

> Thornton:    I'm going to see how soon that I can get to Kentucky, because . . . I want my stuff to be in Kentucky, and something that I'm going to tell her [her probation officer] so that I can get out and don't have to be trapped at Mama's all day is that I do hair.
>
> Man:    (Inaudible)
>
> Thornton:    You know?
>
> Man:    It might work.
>
> Thornton:    I know. It might. It's something.

In another April 14, 2025 jail call, Thornton's brother cautioned Thornton that under home detention she can't leave home unless she has permission to be at the church, and that she actually has to go to the church if she has permission. Thornton scoffed and replied "I'll stop past the church. I'll stop by the church."

## III.    Thornton is a Danger to the Community

As reflected in the timeline[8] and the Pretrial Services Report, this is at least the seventh criminal case filed against Thornton since June 2017. While most of her charges involve fraud or theft, one of those criminal cases involves a murder threat. (Clark County, Indiana Circuit Court, Case No. 10C03-2112-F6-00146). According to the Patrol Officer's Probable Cause Affidavit,[9] on December 10, 2021, a tow truck driver attempted to repossess a Cadillac Escalade

---

[8] DN 13, Exhibit A.
[9] DN 13, Exhibit B.

from Thornton at her mother's residence.[10]  After arguing with the driver, "Thornton went inside the house and came back with a knife and used it to sever the tow strap that was being used to secure the front driver side wheel tire of the Escalade to the tow truck's driver said wheel clamp. Corrolla (the driver) stated that he was attempting to have Thornton stop cutting his tow strap without getting too close since she was armed with a knife, and advised that Thornton began to threaten him saying that she would get a gun and shoot him."[11]

The timeline[12] also reflects that Thornton's criminal activity has continued unabated for her entire adult life.  She continues to commit crimes, and to accrue new criminal charges, while she is on probation for previous offenses.  In fact, the alleged conduct in this case all occurred while she was either under indictment or on probation, or both.

Thornton's criminal conduct has continued during the pendency of this case.  During a jail call on approximately April 8, 2025, Thornton told her brother to be careful because the government is looking for the cars that were stolen as part of the bank fraud charged in this case. During an April 14, 2025 jail call, Thornton's brother told her "one thing I've been thinking about for you" is a health care fraud scheme in which Thornton could buy diabetic test strips for $35 and sell them for $90 and "earn multiple thousands of dollars per day."  Thornton responded "I'm interested."  Simply put, Thornton has proven that there is no condition or combination of conditions that will protect the public from her ongoing criminal activity.

---

[10] It is believed that this is the Escalade Thornton obtained by defrauding Commonwealth Credit Union, as charged in Count 2 of the Indictment in this case.  This is the same residence where Judge Edwards ordered Thornton to serve home detention.  According to Shallon Watson, Thornton's Indiana federal Probation Officer, Probation Officers do not normally search homes for firearms when a defendant is on pre-trial release.
[11] During the detention hearing, Thornton's mother claimed that there were no guns in the house.
[12] DN 13, Exhibit A.

## IV.    Thornton Lied to Probation Officer Rachel Waddle, Magistrate Judge Edwards, and Her Attorney

In her initial interview, Thornton lied to Probation Officer Rachel Waddle (PO Waddle) about both her residence and her employment status. Thornton told PO Waddle that she lived at her mother's house, but her brother indicated that she lives in an apartment, and at the detention hearing her mother testified that although she sometimes stays with her, Thornton has her own apartment. In an April 8 jail call, Thornton told her brother that she did not want the Probation Officer to know about her apartment, stating "I don't want to end up in house arrest at my mother's house, but I didn't want to give them my apartment."

Thornton also told Magistrate Judge Edwards during her April 8 initial appearance, and PO Waddle during her intake interview, that she currently works at the Fairfield Inn in Jeffersonville, Indiana. FDIC Special Agent Maloney contacted the Fairfield Inn on April 10, and was told that Thornton is no longer employed and has not worked there for over three weeks. In an April 9, 2025 jail call, Thornton told her brother that she lied about her employment because she thought it might improve her chances of being released. These lies led PO Waddle to email Magistrate Judge Edwards prior to the detention hearing and to state "the defendant has not been truthful with lots of people."[13]

Finally, in a transparent effort to generate sympathy, Thornton also told her attorney, Don Meier, that she had to be released to care for her mother, who was purportedly in hospice care. Based on her representations, during Thornton's initial appearance, Mr. Meier claimed that Thornton provided necessary medical care for her mother, who was in hospice care.[14] But at the April 9 detention hearing Thornton's mother testified and it was clear that although she has some

---

[13] DN 13, Exhibit F.

[14] The United States is certain that Mr. Meier would not make this misrepresentation unless he was misled by his client.

medical ailments, she is not in hospice care.  In an April 9, 2025 jail call, Thornton completely contradicted her claim that her mother needs her care, stating "I'm going to try to see how I can get it taken off of Mom's house so I can be at my apartment, because I don't want to be there.  I would rather be at my apartment."

## V.     Thornton Has Already Lied to her Indiana Probation Officer

On April 29, 2025, AUSA Weiser spoke with Shallon Watson, Thornton's federal probation officer in Indiana.  During the conversation, Watson indicated that Thornton was not working, but that Thornton told her that she soon expected to have an interview with the Fairfield Inn on North Shore Drive in Jeffersonville, Indiana.  On April 29, 2025, FDIC Special Agent Nathan Maloney contacted the Fairfield Inn and asked if there were any scheduled interviews with Thornton.  The Fairfield Inn indicated that Thornton was a former employee who would not be rehired, and there was no interview scheduled or contemplated.

## VI.     Thornton Lied During the April 30 Detention Hearing

During the April 30, 2025 detention hearing, Thornton told Mr. Meier, and Mr. Meier represented to the court, that she was going to seek employment with her church, The Kingdom Advancement Cathedral of Worship in Louisville.  This is the same church where Thornton fraudulently claimed to earn $100,000 per year on some of the fraudulent car loan applications at issue in this case.  A church representative has been interviewed and stated that the church is poor and that although Thornton was a volunteer, unpaid usher, she never earned a salary, and that in fact the church has no paid employees.

## VII.    Conclusion

The United States fully agrees with the Probation Officer's determination that Thornton poses a risk of non-appearance due to "criminal activity while under supervision, history of

failure to appear, pending charges, and pretrial, probation, parole or supervised release status and compliance," and that Thornton also poses a danger to the community based on her "pretrial probation, parole, or supervised release status and compliance [and] pattern of similar criminal activity history." (Pretrial Services Report). The United States further agrees with the Probation Officer that there "is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." Id.

It is abundantly clear from the record that Thornton has not and will not comply with the norms of society. She has not and will not stop committing crimes, even when under court supervision. She also has not and will not abide by the terms of her probation and release. And her track records proves conclusively that she poses an unacceptable risk of non-appearance, no matter what conditions are placed upon her.

Accordingly, pursuant to 18 U.S.C. § 3145(a)(1), the United States moves to detain Thornton pending trial.

Respectfully submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*David Weiser*
David Weiser
Assistant United States Attorney
(502) 625-7068
david.weiser@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 1, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

_David Weiser_
David Weiser
Assistant United States Attorney